UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:07CR3070 |
| | ) | |
| vs. | ) | **FINAL ORDER OF** |
| | ) | **FORFEITURE** |
| | ) | |
| JOSAFA LORENZANA-SOLARES, | ) | |
| MARLENE RODRIGUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

On November 5 and 7, 2007, this matter came on for trial before the Court upon the Petitions filed by Blanca De La Rosa and Abigail Mijangos. The Plaintiff, United States of America, was represented by attorneys, Bruce J. Prenda and Nancy A. Svoboda. The Petitioners, Blanca De La Rosa and Abigail Mijangos, were represented by attorney, James D. McFarland. Evidence was presented by all parties. Argument was made and the case was submitted. The following are the Court's findings of fact and conclusions of law:

1. On September 4, 2007, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of Title 21, U. S. C., Sections 846 and 853, based upon the Defendants' pleas of guilty to Counts I and IV of the Indictment filed herein. By way of said Preliminary Order of Forfeiture, the Defendants' interests in $1,254.00 and $22,500.00 were forfeited to the United States.

2. On September 20, 27, and October 4, 2007, the United States published in a newspaper of general circulation notice of this forfeiture and of the intent of the United States to dispose of the sums of money in accordance with the law, and further notifying all third parties of their right to petition the Court within the stated period of time for a hearing to adjudicate the validity of their

1

alleged legal interest(s) in said properties. An Affidavit of Publication was filed herein on November 2, 2007 (Filing No. 82). Petitioners, Blanca de la Rosa and Abigail Mijangos, filed timely verified Petitions (Filing Nos. 64 and 74) as permitted under 21 U.S.C. § 853(n).

    3. As pertinent to this case, and pursuant to 21 U.S.C. § 853(n)(6)(A), each of the Petitioners had the burden to establish by the preponderance of the evidence two things: He or she had a <u>legal</u> right, title or interest in the $22,500 seized at their home on or about May 9, 2007, and the forfeiture of that money was invalid because the legal right, title or interest in that money was vested in the Petitioner rather than the Defendants, Josafa Lorenzana-Solares or Marlene Rodriguez, or was superior to the interest of those Defendants.

    4. The Petitioners did not satisfy their burden of proof. In particular, the Petitioners each failed to prove he or she had a legal right, legal title or legal interest in and to the $22,500. The Court finds the $22,500 represents the proceeds of drug sales, including methamphetamine, and those drug sales involved a joint business involving the Petitioners, the Defendants, and quite possibly others, for the following reasons:

    a. The digital scale found in the Petitioners' home contained methamphetamine residue. Blanca de la Rosa could not explain why the scale contained methamphetamine residue even though she admitted the scale was hers and was used only for lawful purposes.

    b. The money claimed by the Petitioners was found in a freezer just like the money found in the Defendants' freezer.

    c. One of the Defendants told an undercover officer to meet him near the Petitioners' home in order to consummate a drug deal.

      d.      The Petitioners' assertion they kept the money in the ground or in a freezer because they did not trust banks is both strange and belied by the fact they had over $21,000 in US Bank prior to the seizure. The Petitioners did not give a credible explanation for why they trusted a bank at one time, but not another.

      e.      By the Petitioners' own admission, the Petitioners and the Defendants were closely associated with one another. For example, the Petitioners' child was found with one of the Defendants during the raid of the Defendants' home and just prior to the seizure of the cash found at the Petitioners' residence.

      f.      The money found in the Petitioners' freezer was packaged with pepper and a witness testified she bought methamphetamine from the Petitioners that was enclosed in packages containing pepper. The witness specifically implicated both Petitioners in drug distribution activities.

5. Despite the fact the Court found against the Petitioners, the Court did not draw any adverse inferences against them from the Petitioners' invocation of their Fifth Amendment privilege.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. Filing Nos. 64 and 74 are denied because the Petitioners failed in their burden of proof.

B. All right, title and interest in and to the $1,254.00 and $22,500.00, held by any person or entity, are hereby forever barred and foreclosed.

C. The $1,254.00 and $22,500.00 be, and the same hereby are, forfeited to the United States of America .

D. The United States Marshal for the District of Nebraska is directed to dispose of said sums of money in accordance with law.

DATED this 28th day of November, 2007.

BY THE COURT:

s/ *RICHARD G. KOPF*
United States District Judge